IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31339
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DERRICK RIDGLEY

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-154-ALL-B
---------------------
July 24, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Derrick Ridgley appeals his conviction for possession of a firearm by a convicted felon pursuant to 18 U.S.C. § § 922(g)(1) and 924(a)(2).

Ridgley argues the district court abused its discretion in denying his motion for mistrial. When questioned on direct examination about the criteria for contacting federal agents when weapons are found on a suspect, the arresting officer testified that the suspect must be convicted of armed robbery. Ridgley argues this statement violated his rights under <u>Old Chief v.</u>

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, 519 U.S. 172, 174 (1997).  Even assuming the jury believed Ridgley committed armed robbery, any error is harmless given the district court's extensive curative instructions.  See United States v. Munoz, 150 F.3d 401, 412 n. 11 (5th Cir. 1998).

Ridgley also argues the district court improperly precluded closing argument about the lack of fingerprint evidence.  During closing argument, defense counsel began to address the government's decision not to fingerprint the handgun alleged to be in Ridgley's possession.  The district court instructed counsel not to suggest that the government obtained fingerprint evidence but declined to offer it at trial.  Without objection, Ridgley abandoned his fingerprint argument, but now urges it on appeal.  See United States v. Johnston, 127 F.3d 380, 392 (5th Cir. 1997).  In the absence of an objection, no error is preserved for appellate review, and the only remaining standard for reviewing Ridgley's complaint is plain error.  United States v. Johnston, 127 F.3d 380, 392 (5th Cir. 1997).  Moreover, a trial court exercises broad discretion in limiting the scope of closing argument.  Herring v. New York, 422 U.S. 853, 862 (1975).

The record in Ridgley's case contains no evidence that the government conducted a fingerprint analysis.  The district court acted within its discretion in prohibiting defense counsel from suggesting to the jury that the government obtained fingerprint evidence but omitted the evidence at trial.  Cf. United States v. Poindexter, 942 F.2d 354, 359 (6th Cir. 1991)(permitting fingerprint argument during closing where evidence of

fingerprinting existed in the record). Further, the district court afforded Ridgley ample opportunity to cross-examine the arresting officer. In any event, the facts in Ridgley's case dispensed with the need for fingerprint analysis. Eyewitness testimony from the arresting officer who observed Ridgley in a vacant alley with the handgun established possession. Under these facts, Ridgley's complaint cannot withstand the plain error standard.

AFFIRMED.